MEMORANDUM **
Anthony Haswell appeals pro se from the district court’s summary judgment in favor of Amtrak in his action under the Freedom of Information Act, 5 U.S.C. § 552, et seq. (“FOIA”), seeking documents related to Amtrak’s retention of McKinsey & Company. We have jurisdiction under 28 U.S.C. § 1291. We review the district court’s findings of fact for clear error, and its conclusions of law regarding the applicability of a FOIA exemption de novo. Lane v. Dep’t of Interior, 523 F.3d 1128, 1135 (9th Cir.2008). We affirm.
The district court did not clearly err by concluding that Exemption 5 applies because the documents that Amtrak withheld are protected by the deliberative process privilege. See 5 U.S.C. § 552(b)(5) (exempting from disclosure “interagency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.”); Nat’l Wildlife Fed’n v. U.S. Forest Serv., 861 F.2d 1114, 1118 (9th Cir.1988) (explaining that Exemption 5 was intended to protect not simply deliberative material, but also the deliberative process of agencies) (emphasis in original); see also Carter v. U.S. Dep’t of Commerce, 307 F.3d 1084, 1088 (9th Cir.2002) (stating that whether disclosure of the requested information would reveal anything about the agency’s decisional process “is a fact-based inquiry where deference to the district court’s findings is appropriate.”) (citation and internal quotation marks omitted).
*186 The district court also did not clearly err by concluding that Exemption 4 applies because the documents that Amtrak withheld constitute confidential, commercial information, the disclosure of which is likely to cause substantial competitive harm to McKinsey. See 5 U.S.C. § 552(b)(4) (exempting from disclosure “trade secrets and commercial or financial information obtained from a person and privileged or confidential.”); Lion Raisins Inc. v. U.S. Dep’t of Agric., 354 F.3d 1072, 1079 (9th Cir.2004).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.